# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2019

Lyle W. Cayce
Clerk

No. 19-40059
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JARRED W. MASSEY,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CR-5-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Jarred W. Massey challenges his within-Guidelines sentence of, *inter alia*, 210-months' imprisonment, imposed following his guilty-plea conviction for distributing, possessing, and receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(a)(5)(B). His request in district court for a downward variance was denied.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-40059

In contending his sentence is substantively unreasonable, he asserts the district court erred in balancing the 18 U.S.C. § 3553(a) sentencing factors, by giving undue, significant weight to Sentencing Guideline § 2G2.2 (providing base-offense levels and enhancements for those convicted of certain offenses involving child pornography), which he claims is flawed.  Massey also contends the court failed to adequately consider his personal circumstances, the specific facts of his offense, and the need to avoid unwarranted sentencing disparities. Further, he complains the court ignored evidence that the majority of courts grant variances in child pornography cases because Guideline § 2G2.2 results in disproportionately severe sentences compared to other, more violent crimes.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As noted, Massey challenges only the substantive reasonableness of his sentence; therefore, we review for abuse of discretion.  *Gall*, 552 U.S. at 51. And, in reviewing a sentence that falls within a properly-calculated Guidelines sentencing range, as in this appeal, our court applies a presumption of reasonableness.  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Massey may rebut the presumption only if he shows his sentence "does not account for a factor that should receive significant weight, . . . gives significant

weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted).

The majority of Massey's appellate brief is devoted to a policy-based contention that Guideline § 2G2.2 is disproportionately punitive and automatically warrants a variance. As Massey concedes, however, our court has rejected similar challenges. *See United States v. Miller*, 665 F.3d 114, 116, 119, 121 (5th Cir. 2011) (upholding substantive reasonableness of a within-Guidelines sentence for transportation of child pornography conviction and stating: "the Guidelines remain the Guidelines. It is for the commission to alter or amend them". (citation omitted)).

The record establishes the district court considered the Guidelines, the parties' assertions, and, in particular, Massey's reasoning as to why the court should impose a sentence below the Guidelines sentencing range, but concluded that, based on all of the sentencing factors, a sentence at the low end of the advisory Guidelines range was appropriate. Massey's assertion the court failed to give adequate weight to mitigating factors, including his remorse, his family support, and his post-offense psychiatric rehabilitation, is refuted by the record.

Massey contends the court failed to adequately consider that his sentence creates an unwarranted sentencing disparity. Because the sentence imposed is within the properly-calculated Guidelines sentencing range, "avoiding unwarranted general sentencing disparities is not a factor that we grant significant weight . . . ". *United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011) (citation omitted).

Massey's contention the district court erred in balancing the 18 U.S.C. § 3553(a) sentencing factors amounts to a mere disagreement with the weight

the court afforded his mitigating contentions.  Massey fails to rebut the presumption of reasonableness applicable to his within-Guidelines sentence.

AFFIRMED.